Opinion adopted by the Supreme Court.

**ROJAS et al. v. VUOCOLO.**

No. 4301.

Court of Civil Appeals of Texas. El Paso.

May 13, 1943.

Rehearing Denied June 3, 1943.

Joseph G. Bennis, of El Paso, for appellants.

Cunningham, Ward & Cunningham, of El Paso, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court, Forty-First Judicial District, El Paso County. As plaintiff, Angelo Vuocolo obtained judgment against Antonia Rojas, Florentina Silva, Eduardo Garcia and Guillermo Ruiz, defendants, in the sum of $5,800. The defendants Rojas, Silva and Garcia have perfected this appeal.

The parties will be here designated as they were in the trial court.

The statement of the nature and result of the action made in appellants' brief is admirable in its clarity and brevity, and we shall almost literally adopt same.

This is a suit for damages alleged to have been suffered by the plaintiff as the result of a collision between the taxicab owned by Florentina Silva, operated by Eduardo Garcia, and hired by plaintiff from a stand operated by Miss Rojas, and a motor truck operated by defendant Ruiz. The collision occurred at the intersection of Hammett Boulevard and San Antonio Street in El Paso. Plaintiff brought suit for damages growing out of the physical injuries alleged to have been suffered by him in said collision. Defendants Silva and Garcia answered denying all liability and charging that the collision was caused by the negligence of Guillermo Ruiz, operator of the truck. Defendant Silva filed cross action against Ruiz for damage to the automobile resulting from the collision, together with loss of its use. Defendant Rojas filed a separate answer consisting of a general denial and special plea that the sole proximate cause of the collision was the negligence of defendant Ruiz.

Trial on the merits before a jury upon special issues resulted in the verdict for plaintiff for $5,800 against all defendants.

There are five points of error urged as grounds for reversal. However, in reality there are only four. By supplemental statement of facts it is shown that one proceeding shown by the appellants' brief to have taken place in the hearing of the jury, did not so take place. This erroneous statement was due to the fact that counsel briefing the case did not participate in the trial.

The first point is that the court erred in refusing Special Issues A, B, C and D, requested by defendants Silva, Garcia and Rojas. These questions were requested in solido. They are as follows:

"Requested Issue No. A:

"Do you find from a preponderance of the evidence that at the time the operator of the truck, Guillermo Ruiz, started to turn left at the intersection of Hammett Boulevard and San Antonio Street, the automobile operated by the defendant, Eduardo Garcia, was approaching from the opposite direction within the intersection or so close thereto as to constitute an immediate hazard? Answer 'yes' or 'no.'

"Requested Issue No. B:

"Do you find from a preponderance of the evidence that the operator of the truck, Guillermo Ruiz, failed to yield the right of way to the automobile operated by Eduardo Garcia approaching from the opposite direction within the intersection, or so close thereto as to constitute an immediate hazard, if you have found in the previous question that the automobile driven by the defendant, Guillermo Ruiz was within the intersection or so close thereto as to constitute an immediate hazard? Answer 'yes' or 'no.'

"Requested Issue No. C:

"Do you find from a preponderance of the evidence that the failure, if any, on the part of the operator of the truck to yield the right of way to the automobile operated by the defendant, Eduardo Garcia, was a proximate cause of the collision in question? Answer 'yes' or 'no.'

"Requested Issue No. D:

"Do you find from a preponderance of the evidence that the failure, if any, on the part of the operator of the truck to yield the right of way to the automobile operated by the defendant, Eduardo Garcia, was the sole proximate cause of the collision in question? Answer 'yes' or 'no.' "

Defendants Silva and Garcia filed a joint answer. Therein, among other things, it was averred:

"(b) Defendant, Guillermo Ruiz, was negligent at said time and place in failing to yield the right of way to the automobile driven by Eduardo Garcia, which was approaching him from the opposite direction and was passing or had passed through

said intersection, and which constituted an immediate hazard, as a person of ordinary care and prudence would not have done under the same or similar circumstances, and contrary to Art. 5, Section 22 of the Traffic Code of the City of El Paso passed and approved by the City Council of the City of El Paso, Texas, on May 16, 1940."

This, among other acts of negligence on the part of Ruiz, was charged to be the sole proximate cause of the collision.

Art. 5, Sec. 22, of the Ordinance, is as follows:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given the signal when and as required by this act, may make such left turn; * * *."

■ A reading of Requested Special Issue A discloses the factual base submitted to disclose the violation of this article is different from that plead. It was plead that Garcia was passing through the intersection or had passed through. Issue A was as to the position of Garcia submitted as to his being in the intersection, or so close thereto as to constitute an immediate hazard. The act of negligence charged in the pleading was failure to yield the right of way under the circumstances alleged. Special Issue B also includes the unpleaded element of "or so close thereto as to constitute an immediate hazard."

■ Issue B, is somewhat confusing, in that it assumes that Issue A submitted as to whether Ruiz was in the intersection or in such proximity thereto as to require him to yield the right of way.

Ruiz manifestly intended to turn to the left on San Antonio Street. This ordinance applied to him only after he had entered the intersection. It may be, and probably appears from Issue B, that the name "Ruiz" was used therein in one place where that of "Garcia" was intended. But, none the less, it was confusing as it was framed.

It was an undisputed fact that Ruiz failed to yield the right of way to Garcia. The real question under the ordinance was: Did the facts existing make it his duty to so yield under the ordinance?

■ Another defect that pervades the issues is that they nowhere submit whether, at the time Ruiz turned into the path, or into the vehicle driven by Garcia, he had entered the intersection. Garcia testified that he had passed through the intersection at the time of the collision, or half of his automobile had done so. In order for the ordinance relied upon to govern the conduct of Ruiz, he must, by the terms thereof, have been in the intersection intending to turn to the left. Turning to the left under circumstances other than narrated in the ordinance might be a violation of another statute or ordinance, but not the ordinance relied upon by the defendants.

■ In our opinion, the issues as framed were not "in substantially correct wording," as required by Rule 279, Texas Rules of Civil Procedure. Furthermore, these issues were jointly requested by defendants Rojas, Garcia and Silva. Defendant Rojas did not plead the ordinance invoked. We likewise think the refusal of the issues was justified on this ground.

■ While defendant Ruiz was testifying as a witness, one of the jurors asked him the following question: "Do you have any type of insurance?" The court, on its own motion, stated the question was highly improper and could not be answered by the witness. Counsel for plaintiff stated he had no objection, and counsel for defendant Ruiz said he had no objection. Thereupon the court stated: "That is a question you can waive or permit, as you see fit." Whereupon counsel for defendants other than Ruiz objected to the statements by counsel for plaintiff and Ruiz, and excepted to the ruling of the court. Over this objection and exception the witness was allowed to answer, and stated that he had no type of insurance on the truck. Before the conclusion of the trial defendants Silva, Garcia and Rojas presented to the court a motion to declare a mistrial and discharge the jury, which motion was overruled, and they took due exception to the ruling.

The question propounded by the juror was, as stated by the trial court, highly improper. The fact that a juror asked same is some evidence that at the time the juror deemed the matter of some importance in the disposition of the case. The prompt action of the court could not but disabuse his mind and the minds of the other jurors of such improper impression. This incident should not have occurred. It would have been better had counsel for the plaintiff and counsel for defendant

Ruiz not invited the testimony by stating in the presence of the jury that they had no objection thereto. We think it was error on the part of the trial court to permit the testimony over the objection of the other defendants. The testimony elicited was without bearing on any issue raised by the pleading.

This question, so far as we have been able to find, has not been heretofore presented in the appellate courts of this State exactly as here. It is elementary that the testimony would not have been proper as against a plaintiff. But the question here presented is: Did it injuriously affect the appealing defendants? The appealing defendants sought no recovery over against Ruiz as to any liability against them to plaintiff. Despite this testimony, material issues were found against defendant Ruiz. It is to be presumed the jury followed the express instruction of the court to answer each issue singly without regard or discussion of the legal effect thereof. It does not follow as a logical deduction that because Ruiz did not have indemnity insurance that the complaining defendants did have such insurance. An inference that the jury did so believe is, we think, without support in this record. This jury is presumed to be intelligent and to have sought conscientiously to discharge its duty. We cannot believe there is a possibility that the jury, or any member thereof, were influenced in their findings adversely to the appealing defendants by the fact that Ruiz did not have insurance. True it is, defendant Silva sought by cross-action to recover the sum of $235 against defendant Ruiz. On this cross-action judgment was entered in favor of defendant Ruiz. But defendants do not appeal from this judgment. It is doubtful in our minds whether there was jurisdiction in the trial court to try this cross-complaint. City of Dallas v. Rutledge, Tex.Civ.App., 258 S.W. 534; Hull v. First Guaranty State Bank, Tex. Civ.App., 199 S.W. 1148.

The fact that there was no appeal from this portion of the judgment renders a discussion of the question of jurisdiction with reference thereto immaterial.

The decisions are numerous condemning injection of the question of insurance in the trial of an action such as this. Texas Co. v. Betterton, 126 Tex. 359, 88 S.W.2d 1039; Continental Oil Co. v. Barnes, Tex.Civ. App., 97 S.W.2d 494; Page v. Thomas, 123 Tex. 368, 71 S.W.2d 234; Southland Greyhound Lines v. Cotten, 126 Tex. 596, 91 S.W.2d 326, 327; Texas Power & Light Co. v. Stone, Tex.Civ.App., 84 S.W.2d 738, writ refused.

In addition to the above citations there are many others to the same general tenor and effect. The vice seems to be that an insurance company may be compelled to bear the burden rather than defendant, in reality the nominal defendant.

Here, as far as the testimony went, it was negative. Beyond a reasonable doubt, the disclosure did not have influence on the finding as to Ruiz. Beyond a reasonable doubt, we think, it had no influence to bring about adverse findings as to the appealing defendants. We are aware that the bringing of the question of whether a defendant is insured into a case of this character is ordinarily a very serious matter. However, it is not every mention of insurance in the presence of a jury that necessitates a setting aside of the verdict. We overrule the assignment.

There is no merit in the point asserting that the verdict is excessive. Amount of damages is ordinarily a jury question. To warrant the requiring of a remittitur or setting aside the verdict the finding must be unsupported by the evidence. Without here reviewing the evidence at length, we are of the opinion that same is sufficient to support the findings as to damages. Precedents holding that certain sums are not, as a matter of law, inadequate under facts somewhat similar are of little value here. Likewise, cases where the trial court has required remittiturs.

There is a very general assignment urged that the findings are against the great preponderance of the evidence. For the statement thereunder, we are referred to the statements made under the other points of error. In the argument it is asserted that the evidence establishes as a matter of law that the sole proximate cause of the collision was the negligence of the defendant Ruiz in suddenly turning his truck to the left. Beyond any question, Ruiz did turn his truck to the left at, in or near the intersection. The evidence is in dispute as to where the automobile driven by Garcia, approaching from the north, was at the time Ruiz, approaching from the south, started to change the course of his

truck. Garcia owed the duty of the exercise of a high degree of care due plaintiff as a passenger. In our opinion the evidence is sufficient to sustain the finding that Garcia failed to keep a proper lookout, and such failure was the proximate cause of the injury. We think a careful reading of Garcia's own testimony raises the issue of failure to keep a proper lookout.

■ It is not urged that the evidence was in any way insufficient to support the assumption that the relationship between Garcia, the driver, and defendant Miss Rojas, was such as to render her legally responsible for his acts in the premises. We have not examined the statement of facts with reference thereto. The judgment rendered is not specifically assailed on this ground. We do not feel that it is incumbent upon us to determine the sufficiency or insufficiency of the evidence in respect to this issue.

It is ordered that the judgment be in all things affirmed.

SUTTON, J., concurs.

WALTHALL, J., not participating.