ANTONIO ROJAS ET AL V. ANGELO VUOCOLO.

No. 8150. Decided January 19, 1944.
(177 S. W., 2d Series, 962.)

*Joseph G. Bennis,* of El Paso, for petitioners.

It was error for the Court of Civil Appeals to hold harmless the action of the district court, which was admittedly erroneous, in admitting evidence that one of the defendants, Ruiz, the driver of the truck, did not carry any character of insurance on his truck which was owned by him and involved in the collission. Such testimony was elicited in response to a question asked by one of the jurors from the jury box. Page v. Thomas, 123 Texas 368, 74 S. W. (2d) 234; Southland Greyhound Lines v. Cotten, 126 Texas 596, 91 S. W. (2d) 326; South Texas Coaches v. Woodard, 123 S. W. (2d) 395.

*Cunningham, Ward & Cunningham,* of El Paso, for respondent.

The Court of Civil Appeals was not in error in holding harmless the action of the trial court in admitting the evidence that

the nonappealing defendant did not carry insurance, such evidence being elicited in response to a question by one of the jurors, as the trial judge had found, and such finding would be binding on the appellate court, that such evidence had no influence to bring adverse findings as to the appealing defendants, their evidence being absolute silent as to them on the question of insurance. Texas Coca-Cola Bottling Co. v. Lovejoy, 138 S. W. (2d) 254; Finck Cigar Co. v. Campbell, 133 S. W. (2d) 759; Burton v. Roberson, 164 S. W. (2d) 524; Belzung v. Owl Taxi Co., 70 S. W. (2d) 288.

MR. JUDGE TAYLOR, of the Commission of Appeals, delivered the opinion for the Court.

In this case a passenger, Angelo Vuocolo, was injured in a collision between the taxicab in which he was riding and a motor truck operated by Guillermo Ruiz. The scene of the accident was a street intersection in the City of El Paso. Vuocolo sued four defendants, Florentina Silva, who owned the taxicab, Eduardo Garcia, who was operating it at the time of the collision, Antonio Rojas, a feme sole, the owner of the taxicab company from whose stand plaintiff procured his taxi service, and Ruiz, the drived of the truck with which the taxicab collided.

Near the conclusion of the trial the following transpired:

"JUROR: Just a moment. If it please the Court * * * I would like to ask the witness (Ruiz, the driver of the truck) a few questions.

"By Juror:

"Q: What is your name?
"A: Guillermo Ruiz.
"Q: Mr. Ruiz, you testified in your testimony that you owned a part interest in this truck?
"A: That is right.
"Q: Who owns the other interest?
"A: My brother-in-law.
"Q: Is the truck paid for,
"A: Yes.
"Q: Do you have any type whatever of insurance?

"The Court: That question is highly improper and cannot be asked the witness, and the witness is not permitted to answer such a question.

"Juror: All right. That's all.

"Mr. Wilchar (counsel for Ruiz): We have no objection to the question.

"The Court: If you haven't, we will let the witness - -

"Mr. Cunningham (counsel for plaintiff) : I have no objection to the question.

"Mr. Wilchar: I have no objection to the question at all.

"*The Court: That is a question that you can waive or permit, as you see fit.*

"Mr. Andress (counsel for Miss Rojas, Mrs. Silva and Garcia) : I object to the counsel's statement and except to the Court's ruling on the matter, and request a bill.

"Q: Do you and your brother-in-law * * * have any type of insurance on this truck?

"A: No, we have not.

"Q: Accident insurance?

"A: No."

The defendants, Miss Rojas, Mrs. Silva and Garcia, were given a bill of exceptions grounded upon error in the admission of the testimony that Ruiz had no insurance, the statements of counsel for Ruiz and plaintiff that they had no objection to the question, and the statement of the Court with respect to waiver as set out above. The reason alleged for the error was that the court's ruling and the statements complained of were highly prejudicial to the defendants other than Ruiz.

The result of the trial upon findings of negligence on the part of the drivers of the truck and taxicab, respectively, was a judgment for plaintiff against all defendants jointly and severally. Judgment over as prayed for by Ruiz against all of the other defendants was denied; and judgment over as prayed for by Mrs. Silva against Ruiz was denied. Ruiz did not appeal but appeal was perfected by the defendants, Miss Rojas, the stand owner, Mrs. Silva, the taxicab owner, and Garcia, the driver of the taxicab. The judgment was affirmed. 177 S. W. (2d) 957.

■ The Court of Civil Appeals held that the question whether Ruiz had insurance, propounded by the juror, disclosed by the above excerpt from the statement of facts, was "highly improper"; and that it was error on the part of the trial court to admit the testimony over the objection of the three defendants. We agree with this holding and also with the Court's holding that the testimony elicited by the juror's question was without bearing on any issue raised by the pleading.

■ The Court further held, however, that the testimony did not injuriously affect the objecting defendants. Whether the

testimony, together with the other matters reflected by the above excerpt probably injured the complaining defendants, is the principal question presented.

It is true that the trial court prior to the waiver of objection by Ruiz and plaintiff to the juror's question, ruled correctly in not permitting it to be answered and correctly instructed the jury that the question was highly improper. It is true also that the answer to the question disclosed that *Ruiz was not protected by insurance* against the damage sued for, and that there is no direct evidence that the other defendants had such insurance. Had the proceeding ended with the court's refusal to permit the witness to answer the question and his instruction that it was "highly improper," there would have been no reversible error caused by the accident. The juror said "All right. That's all." Counsel for Ruiz, however, did not let the matter rest there. He volunteered that he had no objection to the witness' answering the question, and did so *after the court had instructed* the jury that the question *was improper*. Plaintiff's counsel then stated he had no objection to the question. Had there been no other defendant than Ruiz another question would have been presented to the trial court.

The Court of Civil Appeals pointed out in its opinion that the testimony sought to be elicited by the juror's question "was without bearing on any issue raised by the pleading." The statements of Ruiz and plaintiff, together with the Court's statement with respect to waiver, paved the way for getting in the record an answer to an improper question, and thus made it possible for the jury to make use of irrelevant testimony. The trial court should have instructed the jury after counsel for Ruiz and counsel for plaintiff had made their respective statements, that he would not permit the record to be incumbered with testimony which the jury could make no proper use of. The effect of the trial court's statement that the juror's question was highly improper was probably lost upon the jury in view of his subsequent ruling *over objection of the other defendants* that the parties could waive objection to the answer. The statement of counsel for defendant Ruiz, together with that of plaintiff as to their willingness for Ruiz to hear the answer, put the other defendants to the necessity as a matter of due precaution against a probably improper inference on the part of the jury, of interposing their objections. The jury probably inferred when counsel for Miss Rojas, Mrs. Silva and Garcia made their objection that such defendants were protected by insurance. There is no escaping the inference that the juror who asked the ques-

tion desired, at that time, to make some use of the answer in his consideration of the facts. The jury probably concluded that in view of the waiver and the court's ruling in connection therewith, the question and answer were no longer improper. The effect of the court's final ruling was to bring the incompetent testimony before the jury under a favorable ruling as to its admissibility.

Was such ruling, in the light of the matters reflected by the above excerpt from the statement of facts, probably harmful to the defendants, Rojas, Silva and Garcia? We hold that it was and that the trial court committed reversible error in permitting the witness to answer the juror's question.

It is stated in Piechuck v. Magusiak, 82 N. H. 429, 135 Atl. 534, that the authorities are practically unanimous in holding that plaintiff will not be permitted to show, *as an independent fact,* that the *defendant is insured* against the liability which plaintiff is seeking to establish. While this court has not directly passed upon the question of whether a defendant should be permitted to prove *he has no protecting insurance* against the damage sought by plaintiff, it has settled the point that *it is error* to permit the jury to hear proof that defendant *has such insurance.* Page v. Thomas, 123 Texas 268, 71 S. W. (2d) 234; Finck Cigar Co. v. Campbell, 134 Texas 250, 133 S. W. (2d) 759; Southland Greyhound Lines v. Cotten 126 Texas 596, 81 S. W. (2d) 326; Texas P. & L. Co. et al v. Stone, 84 S. W. (2d) 738. (wr. ref.). Obviously, if proof, *as an independent fact,* that a defendant has insurance is improper because it has no bearing on the independent questions of negligence and damages and is calculated to injure defendant, then proof that defendant has not protecting insurance is calculated for the same reason to injure plaintiff. The answer in either case is that the proof should not be heard because it is irrelevant and its consideration by the jury is calculated to work injury. See in this connection Barrington et al v. Duncan, 140 Texas 510, 169 S. W. (2d) 462; Brown v. Murphy Transfer & Storage Co., 190 Minn. 81, 251 N. W. 5, and Kerr v. National Fulton Brass Co., 155 Mich. 191, 118 N. W. 925. In the present case plaintiff impliedly expressed his willingness that the witness tell the jury whether the truck driver had insurance, thus putting the other three defendants "on the spot," by inference as it were, as to whether they had insurance. The following excerpt from the Piechuck case is pertinent to our holding that the trial court committed reversible error:

"It may be urged that the evidence which was received subject to exception merely tended to prevent such improper course of procedure, and that since this was its only effect its admission could work no legal harm to the plaintiff. One difficulty with this argument is that it does not appear that the jury may not have made other use of the fact. They may have thought that it would be too bad to make an uninsured man pay. The evidence is a form of the inadmissible plea of poverty. Having been objected to and having been ruled in, the jury were given to understand that they were to use it for some purpose. *'The fact that the incompetent testimony is laid before the jury under favorable rulings by the court, * * * tends to increase rather than diminish its prejudicial effect.''* (Italics ours).

Respondents invoke in support of their contention that the proceeding under review did not constitute reversible error, Texas Coca-Cola Bottling Co. v. Lovejoy, 138 S. W. (2d) 254, (wr. ref.), and Finck v. Campbell, supra. These cases merely hold that the rule that it is error to permit proof against defendant in an action for damages for personal injuries who is protected by insurance, has no application when defendant voluntarily brings such information to the jury without fault on the part of plaintiff. The exception to the rule is not applicable in the present case and the Court of Civil Appeals erred in not reversing the trial court's judgment.

In view of another trial we find it unnecessary to discuss any other question. The judgments of the trial court and Court of Civil Appeals are both reversed and the cause is remanded.

Opinion adopted by the Supreme Court January 19, 1944.