## HUDSON UNDERWRITERS AGENCY OF FRANKLIN FIRE INS. CO. v. ABLON et al.

### No. 13799.

Court of Civil Appeals of Texas. Dallas.

May 23, 1947.

Rehearing Denied June 27, 1947.

Strasburger, Price, Holland, Kelton & Miller, Emmette M. Anderson, Jr. and Royal H. Brin, Jr., all of Dallas, for appellant.

Emil Corenbleth and Sam Passman, both of Dallas, for appellees.

YOUNG, Justice.

The suit was by Frank C. Slay against Meyer and Bernard Ablon, doing business as Republic Garage, for damages to his automobile, alleging that as a result of defendants' negligence it was stolen from their parking place and wrecked. At the time, Slay carried a theft policy of insurance issued by the Hudson Underwriters Agency of the Franklin Fire Insurance Company, who had adjusted the damage to the recovered car prior to suit; such settlement being evidenced by a loan receipt or

subrogation agreement signed by Mr. Slay showing payment of $357.50. The suit was instituted by the insurance company, but in name of assured; and a jury trial resulted in findings of no negligence on part of garage owners, but that plaintiff Slay was negligent, with consequent defendants' judgment.

Plaintiff had moved, at the outset, that defendants' counsel be instructed not to mention or indicate in any way before the jury that the loss was covered by insurance, which motion was overruled. Defendants then moved that H. U. A. Franklin Fire Insurance Company be made a party, since it had insured the automobile and paid the loss, which, being sustained, the insurance company was required to file an intervention subject to its objections and exceptions. Under the agreement of subrogation, Slay had appointed the insurance company his agent, or attorney in fact, to prosecute the claim and collect for damages to the car, but at expense of the company; and under defendants' cross-examination, Slay testified that he had no interest in the lawsuit, everything collected going to the insurance company; stating: "Q. That is what the insurance policy provides, if it was settled you would collect your money? A. That's right. Q. Now, you are down here as a witness for the insurance company? A. Yes, sir."

Points of error complain of the trial court's rulings, viz: (1) In denying its motion that defendants' counsel be instructed not to mention or indicate to the jury the fact of insurance coverage on said car; (2) in ordering the insurance company to intervene and in not permitting said intervention to be shown of record in absence of the jury; (3) in admitting evidence over objection that Slay's car was protected by insurance.

■ Under the subrogation agreement any cause of action for car damage or loss passed to the insurance company who could maintain suit in the name of assured, though for its own benefit. 5 Tex.Jur., p. 46; San Antonio & A. P. Ry. Co. v. D. M. Picton & Co., Tex.Civ.App., 111 S.W.2d 842, writ ref.; Hyde v. Marks, Tex. Civ.App., 138 S.W.2d 619. And, at least in tort actions, any permitted inquiry (over objection) concerning insurance indemnity has been definitely held reversible error, whether involving defendant or plaintiff. Upon considering an analogous state of facts, the Supreme Court recently said: "In determining whether the action of the trial court in the present case in admitting the testimony objected to by the state was prejudicial, we are persuaded by the fact that any testimony which is immaterial, and tends to becloud the issues and confuse and mislead the jury, is prejudicial in its effect. Such was the holding in Barrington et al. v. Duncan, 140 Tex. 510, 169 S.W.2d 462, and Rojas v. Vuocolo, 142 Tex. 152, 177 S.W.2d 962. It is ordinarily error for plaintiff to mention the fact in the presence of the jury that the defendant is insured against the liability which he is seeking to establish, or that he has no protecting insurance. *For the same reason it is error to refer to the fact that the plaintiff is protected by some form of insurance.* It is improper in either case because such fact is irrelevant and immaterial and is calculated to work injury. Rojas v. Vuocolo, and cases there cited." (Italics ours.) Myers v. Thomas, 143 Tex. 502, 186 S.W. 2d 811, 813. See, also, Johnson v. Willoughby, Tex.Civ.App., 183 S.W.2d 201, writ ref.; Foster v. Langston, Tex.Civ. App., 170 S.W.2d 250.

Because of the procedural errors indicated above, this cause will be reversed and remanded for another trial.

### On Rehearing.

■■ The point is made that H. U. A., Franklin Fire Insurance Company, is at least a proper party; 5 Tex.Jur., p. 46, and may be brought in under Rule 37, Texas Procedure. We regard the word "may" in the cited Rule as permissive, not mandatory. District Grand Lodge, etc. v. Jones, 138 Tex. 537, 160 S.W.2d 915; Mitchell v. Hancock, Tex.Civ.App., 196 S.W. 694. A forced joinder of the insurance company will not be permitted, where the result would deprive it of a contract right to sue in name of the assignor; and where, as here, the apparent effect of such joinder is merely to "becloud the issues in the case and divert the minds of the jury." Johnson

v. Willoughby, supra [183 S.W.2d 204]. See also 6 C.J.S., Assignments, § 124, page 1172 (right of debtor to object).

Motion to hold rehearing in abeyance and to certify is overruled; as also motion for rehearing.