## LE MAY v. YOUNG.
### No. 12059.

Court of Civil Appeals of Texas. Galveston.
Feb. 10, 1949.

Fulbright, Crooker, Freeman & Bates and James C. Watson, all of Houston, for appellant.

Douglas R. Zwiener, of Houston (Burris, Benton & Baker, of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal is from a judgment of the County Court at Law of Harris County, entered in part upon a jury's verdict in response to special-issues submitted, and in part upon independent findings of the

court itself from the pleadings, and what it recites to have been "the undisputed facts and evidence," awarding the appellee $600.00 as damages against the appellant as the result of a collision between the appellee's Ford automobile and a Buick car found to have been driven by the appellant at the time, but which was owned by her mother, Mrs. Mae M. LeMay.

The issues submitted to a jury and its answers thereto were, in substance, these:

(1) Do you find that Ethel LeMay was operating the Buick automobile on Harrisburg Boulevard? Answer, Yes.

(2) What do you find was the reasonable cash market-value of Young's Ford automobile in Harris County immediately before that collision? Answer, $850.

(3) What do you find was the reasonable cash market-value of Young's Ford automobile in Harris County immediately after such collision? Answer, $250.

The trial court's added findings were, in brief, thus stated by it:

" * * * the driver of the Buick automobile (which the jury found to be Ethel LeMay), which collided with plaintiff's automobile, was guilty of negligence as a matter of law in driving and operating a Buick automobile so near the south curb of Harrisburg Boulevard in the 6700 block as to strike automobiles, including plaintiff's, which were parked properly at the curb on the south side of said street, and was further guilty of negligence as a matter of law in failing to keep a proper lookout for automobiles parked on the south side of Harrisburg Boulevard in the 6700 block of said street, as she drove eastward on Harrisburg Boulevard, and it further appearing to the court that each of said acts of negligence were a proximate cause as a matter of law of the damages to plaintiff's automobile."

In protest against the judgment so adverse to her below, appellant presents here five points of error, which may be thus condensed:

"(1) The affirmative answer of the jury to Special Issue No. 1, inquiring as to whether the Appellant Ethel LeMay was operating the Buick automobile at the time of the collision complained of in Appel-

lee's petition, is against the overwhelming preponderance of the evidence to such an extent as to indicate bias and prejudice, or other improper motive, on the part of the jury.

"(2) The court erred in finding that the driver of the Buick automobile was guilty of negligence in driving too close to the south curb of the street, and in failing to keep a proper lookout, since there is no evidence to substantiate such finding-of-fact.

"(3) The court erred in holding that the negligence, if any, of the driver of the Buick automobile was a proximate cause of the collision, for there is no evidence to substantiate such finding of fact.

"(4) The court erred in entering judgment for the Appellee and against Appellant, for the reason that Appellee wholly failed to establish that the collision in question was not the result of an unavoidable accident.

"(5) The court erred in overruling Appellant's motion for mistrial. The voluntary statement of the Appellee, to the effect that the defendant Mae M. LeMay had insurance, was not responsive to the question propounded by counsel for defendant, and was made solely for the purpose and design to inform the jury that whatever judgment was rendered against the Appellant would be paid by an insurance company and not by the Appellant herself, and that such answer prejudiced and inflamed the jury in favor of the Appellee and against the Appellant, to such an extent as to cause them to render an improper verdict in this cause."

In the consideration of the cause this Court has been aided by helpful briefs and oral argument from both sides, and has reached these conclusions upon the contentions so made by the appellant, to-wit: It overrules her first four points so challenging—from the different approaches therein made—the sufficiency of the evidence to sustain the respective findings of fact so severally made against her by both the jury and the court.

It is plain that the controlling issue of fact in the whole controversy was the one as to whether the appellant was operating the Buick automobile at the time of the collision; indeed, she so—for all practical purposes—conceded that to be the case, since neither she nor her mother, who was a co-defendant with her in the trial court, but against whom no judgment was rendered, offered any evidence at all as to what were the facts and circumstances under which the collision occurred, or as to the extent of the damage from it to the appellee's car.

In other words, while the undisputed testimony was that Mrs. LeMay, the appellant's mother owned the Buick at the time but never drove it herself, having turned its use and the driving thereof over to the appellant exclusively to so handle and drive it as her own, they made common-cause against the appellee's suit in the trial below, upon their jointly and severally-presented sole defense that the appellant had not been the driver of such car at the time of the collision here in question.

■ This Court has, with much pains, examined and considered all of the evidence relating to the inquiry so made of the jury through Issue No. 1, but cannot hold the finding to have been so against the overwhelming preponderance of the evidence as to authorize its being set aside. On the contrary, it does not find that there was even a preponderance of the evidence against that finding, but rather that the whole body of the testimony on the question of who drove the Buick at the time presented only such conflicts as brought that inquiry properly within the jury's exclusive province, hence its verdict thereon may not be disturbed by this Court on appeal.

Likewise, as concerns the separate findings so stated by the trial court, there has been no proper attack made in this Court upon any of them; in the first place, the appellee had alleged in his declaration of a cause-of-action that the driver of the Buick automobile had been negligent in driving it so near the south curb of Harrisburg Boulevard—in the 6700 block thereof in the City of Houston—as to strike his own car, which had been properly parked along the curb of the street at

that place; that such driver had further been negligent in failing to keep a proper lookout for such parked cars at that place, which had been amply lighted at the time, and that such driver had so driven squarely into the rear-end of his parked car—which had been left in gear, with its emergency-brake on—with such force as to strip its gears, and catapult it forward 30 or 40 feet into the rear of a truck parked in front of it, and wreck the appellee's car.

■ As indicated, there was no controversion and ample evidence to sustain each of the recited findings of the court on the matters so plead by the appellee as constituting his cause of action, inclusive of a finding that the stated acts of negligence against the Buick driver had constituted a proximate cause of the collision itself. It is not the duty of this Court to further detail the evidence—especially since there was none to the contrary, and since, under our authorities, both the question as to whether there had been such negligence in the driving of the Buick, and whether or not that negligence had been the proximate cause of the collision with the appellee's Ford were, in the circumstances here appearing, questions of law. Burton v. Billingsly, Tex.Civ.App., 129 S.W.2d 439, at page 442, w/e ref.; Wichita Valley Ry. Co. v. Fite, Tex.Civ.App., 78 S.W.2d 714; Texas-Mexican Ry. Co. v. Hoy, Tex.Com. App., 24 S.W.2d 18; Koock v. Goodnight, Tex.Civ.App., 71 S.W.2d 927, err. ref.; Sanchez v. San Antonio & A. P. Ry. Co., 88 Tex. 117, 30 S.W. 431; Standard Paving Co. v. Webb, Tex.Civ.App., 118 S.W. 2d 456, at page 458.

■ In the stated conditions, it is clear that no question of whether or not such collision was the result of an unavoidable accident was raised by the testimony. Greer v. Thaman, Tex.Com.App., 55 S.W. 2d 519.

Appellant's contention that reversible error was committed by the court in not granting her motion for mistrial, because of the mention made by the appellee of insurance in his answer to the question asked him by appellant's counsel, is predicated upon these premises: (1) Such voluntary statement on the part of the appel-

lee to the effect that Mrs. LeMay had insurance, was not responsive to the question propounded by appellant's counsel; (2) that it was made solely with the design of informing the jury that whatever judgment might be rendered against appellant would be paid by an insurance company, and not by appellant herself; and (3) that the answer prejudiced and inflamed the jury in appellee's favor against appellant, hence it caused an improper verdict in the cause. She cites these authorities as supporting that contention: Chapman v. Evans, Tex.Civ.App., 186 S.W.2d 827, err. ref., want of merit; Continental Oil Co. v. Barnes, Tex.Civ.App., 97 S.W.2d 494, err. ref.; Green v. Ligon, Tex.Civ.App., 190 S.W.2d 742, err. ref., nre; Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811; Page v. Thomas, 123 Tex. 368, 71 S.W.2d 234; Rojas v. Vuocolo, 142 Tex. 152, 177 S.W.2d 962; Texas Power & Light Co. v. Stone, Tex.Civ.App., 84 S.W.2d 738, err. ref.

What is thought to be a sufficient statement of the most material facts underlying this feature is this: It was undisputed that the appellee, Mr. Young, the next day after the collision occurred, had gone out to Mrs. LeMay's residence and had talked with her about the collision, and during this trial appellant's counsel asked the appellee a series of questions as to the conversation he had had with Mrs. LeMay on that first visit to her. For example, the statement of facts shows that such counsel made, among others, these rather sententious inquiries about what passed on that first occasion between himself and Mrs. LeMay:

"Q—You didn't tell her it would cost $140.00 to get it (appellee's damaged car) repaired?"

"Q—Did she slam the door in your face?"

"Q—* * * and the day you went out there didn't you tell Mrs. LeMay that she was the driver of the car that night?"

"Q—Didn't you tell her that you had three witnesses that would testify that she was the driver of the car that night?"

These inquiries had been pursued prior to appellant's having later put Mrs. Le-

May herself on the witness-stand and inquired as to her version of what had occurred on that first meeting between herself and Mr. Young. Presumably, therefore, he had known before from both of them what had occurred at that prior conversation between them. Then, later, when appellee was on the witness-stand during this trial, appellant's counsel took him—upon cross-examination—and asked, as above indicated, if he had accused Mrs. LeMay of having been the driver of the Buick car at the time of the collision, etc.

Thereupon, these questions were so asked the appellee, and he thus answered them:

"Q After you talked to Mrs. LeMay that day, the day after the accident, did you ever go back to see her again? A Yes, I went back to see her but didn't nobody answer the door.

"Q Yes, sir, and the day you went out there didn't you tell Mrs. LeMay that she was the driver of the car that night? A No, I asked her was she the owner.

"Q Who did she say was the driver; what did she say to you? A I asked her was she the owner of the car and she said 'yes', and I asked her did she have any insurance and she said she did, and,—

"Q Didn't you tell her that you had three witnesses that would testify that she was the driver of the car that night? A No, sir, I didn't."

In the full circumstances thus disclosed, it is concluded that appellant's claim of error—through her fifth point—must be sustained, under the decisions so cited by her as upholding it; indeed, the very question she so raised, under what appears to be the legal-equivalent of the same state of facts, has been a number of times quite recently so decided by our Supreme Court. Among these are its holdings in Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811; Page v. Thomas, 123 Tex. 368, 71 S.W.2d 234; Rojas v. Vuocolo, 142 Tex. 152, 177 S.W.2d 962; of like effect, are that Court's action in refusing writs of error in Texas Power & Light Co. v. Stone, Tex.Civ.App., 84 S.W.2d 738, and Continental Oil Company v. Barnes, Tex.Civ.App., 97 S.W.2d 494, as well as its holdings of no reversible error in both Chapman v. Evans, Tex.Civ. App., 186 S.W.2d 827, and Green v. Ligon, Tex. Civ. App., 190 S.W.2d 742.

In other words, the rule so repeatedly approved is that a voluntary injection by the plaintiff in his suit to the effect that the defendant is protected by insurance is such reversible error that, having been immaterial and not invited by the defendant, is inherently harmful and results in an improper judgment.

The necessity for further discussion of the question is apparently uncalled for. In this instance, as appears from the preceding statement, it is clear that the line of questioning so being pursued by appellant's counsel as to whether Mrs. LeMay herself was the driver of the Buick car, and as to whom she had said was the driver of it, was a far-cry from inviting the blurted-out statement by the appellee as the plaintiff in the suit, that he had asked her further whether she had any insurance, and she had said that she did.

The appellee's authorities, cited and relied upon by him for contrary holding, such as Finck Cigar Co. v. Campbell, 134 Tex. 250, 133 S.W.2d 759, and others, were expressly thus differentiated from the situation here by the Supreme Court in the cited Rojas v. Vuocolo case, 177 S. W.2d at page 964, Column 2:

"* * * These cases merely hold that the rule that it is error to permit proof against a defendant in an action for damages for personal injuries who is protected by insurance, has no application when defendant voluntarily brings such information to the jury without fault on the part of plaintiff. * * *"

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require that, for the error pointed out, the judgment be reversed, and the cause remanded for a new trial. It will be so ordered.

Reversed and remanded.