McCULLOM v. McCLAIN et al.
No. 4669.

Court of Civil Appeals of Texas. El Paso.
Dec. 31, 1949.

Rehearing Denied Jan. 25, 1950.

Smith & McIlheran, Weslaco, Oxford & Ramsour, Edinburg, for appellant.

Smith & Oakleaf, McAllen, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of a district court of Hidalgo County, 92d Judicial District. It was an action of Ted McCullom as plaintiff to recover damages for personal injuries growing out of a collision between a motorcycle operated by plaintiff and a truck operated by defendant Warren E. McClain, as employee of the defendant H. E. McClain.

It is undisputed that the accident occurred on or about October 24, 1947.

Plaintiff McCullom was riding a motorcycle proceeding west on Highway 83 between the towns of Pharr and McCallum, Texas. Defendant Warren McClain was operating his father's truck and entered Highway No. 83 from a side street, intending to proceed east thereon, and collision occurred. Plaintiff alleged several acts of negligence on the part of defendant Warren McClain. McClain among other defenses plead that plaintiff approached the intersection at a high and dangerous rate of speed, and in so doing was guilty of negligence; that he was operating the motorcycle at a rate of speed in excess of 60 miles per hour; that such unlawful rate of speed was the proximate cause of the accident. Contributory negligence was plead in several other respects.

The case was submitted to the jury on special issues; the jury found defendant guilty of negligence proximately causing the serious injuries to the plaintiff, and that he had suffered damage in the sum of $4062.50. Special Issue No. 5 was as follows: "Do you find from a preponderance of the evidence that the plaintiff Ted McCullom on the occasion in question drove the motorcycle at a speed in excess of 60 miles an hour while within a distance of 300 yards from the place of the collision?" The issue was answered in the affirmative. No. 6 was as follows: "Do you find from a preponderance of the evidence that such speed in excess of 60 miles an hour, if any you have found in response to the foregoing question, on the part of plaintiff Ted McCullom was the proximate cause (as that term is heretofore defined) of the collision in question?" The answer was in the affirmative. In response to questions Nos. 7, 8 and 9 the jury found that just prior to the collision the plaintiff was operating the motorcycle at a dangerous and excessive rate of speed within a distance of 300 yards of the place of the collision; that same was negligence and the proximate cause of the collision in question. Plaintiff and defendants each moved for judgment on the verdict. The court granted defendant's motion and entered judgment in their favor. Plaintiff filed a motion for new trial, same was overruled,

and this appeal was perfected therefrom by plaintiff.

The findings in favor of plaintiff it is conceded would support a judgment but for the findings as to contributory negligence. The appellant vigorously contends that the findings as to contributory negligence are insufficient to support a judgment in favor of defendants; that the court erred in failing to sustain his motion for a judgment.

■ Beyond any question it is negligence per se to operate a motor vehicle over and along a public highway in this State at a rate of speed greater than 60 miles per hour. Sec. 8, Art. 827a, Vernon's Annotated Penal Code. If the party so offending is injured as a proximate result of such unlawful rate of speed, his own negligence contributes to his injuries. Appellant contends that the operation by plaintiff of his motorcycle at a rate of speed greater than 60 miles per hour 300 yards from the point of contact would not be contributory negligence, because, we presume, that within 300 yards it could be brought under control. This is not the proper construction of the content of issue No. 5. Issue No. 5 was did he operate it within a distance of 300 yards from the place of the collision? An affirmative answer would have been justified if at any point within a distance of 300 yards from the point of the collision the motorcycle was operated at a rate of speed 60 miles per hour. Appellant in his brief states as follows: "The plaintiff did not object to the submission of these issues for the very simple reason that they were immaterial. Suppose the Court had asked the jury if the Plaintiff was wearing a red shirt or a green shirt at the time of the accident?" the idea being, it is thought, that the defensive issues were immaterial and if found in favor of defendant, insufficient to support a judgment in their favor. In this we think he is in error; the issues found in favor of defendant amply supported the judgment rendered. Some of them might be subject to criticism. The time, however, to have done this was before the charge was submitted to the jury. Plaintiff was most certainly guilty of negligence per se

if on the occasion in question he drove his motorcycle at a rate of speed in excess of 60 miles per hour. If driving his motorcycle in excess of 60 miles per hour 300 yards from the point of contact could not have been a proximate cause of the collision, then from the finding of proximate cause it must be inferred that he was operating same at such speed within less than 300 yards from the point of the collision. The purpose of rules requiring a party to except to the charge is to give the court an opportunity to correct any errors in the submission and to correct errors inadvertently made, to the end that the case be fairly submitted. In our opinion these charges substantially submitted the defenses plead by the defendants; plaintiff not having complained in the trial court as to their form is not entitled to complain here. By Texas Rule of Civil Procedure No. 272 the parties are given a right to except to the court's charge. By Rule 274, a party excepting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Any complaint as to an instruction, issue, definition or explanatory instruction on account of any defect, omission or fault in pleading shall be deemed waived unless specifically included in the objection. See Annotations under Rule 274, Shafer Annotated Rules of Civil Procedure, p. 199. See also Southwestern Hotel Co. v. Rogers, Tex.Civ.App., 183 S.W.2d 751, affirmed 143 Tex. 343, 184 S.W.2d 835.

When defendant H. E. McClain was on the stand being interrogated in regard to the condition of the truck after the collision in question, the following question was propounded to him:

"Q. What did you do?" He answered: "I didn't have any insurance, so I fixed it up myself." Plaintiff urges that the case be reversed on this ground, citing the case of Rojas et al. v. Vuocolle, 142 Tex. 152, 177 S.W.2d 962. Plaintiff neither objected to the testimony nor moved to have it stricken. Plaintiff did not ask the Court to then declare a mistrial. He elected to speculate on what the verdict of the jury would be. The failure to move that the court declare a mistrial is the distinguishing feature between this case and the case of Rojas v. Vuocolle, supra; there complaining appellants did so move. See opinion Court of Civil Appeals, 177 S.W.2d 957, loc. cit. 960 (5-7). Here, had the plaintiff so moved there is no question but what the assignment would present reversible error. Neither objecting to the evidence nor seeking a mistrial, the error was waived. The matter is too well settled to merit discussion. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558 and authorities there cited.

Points of error 5, 6, and 7 relate to the action of the court in overruling objection to testimony of declarations of bystanders relating to the speed of plaintiff's motorcycle just before the collision. Defendant H. E. McClain testified as follows:

"Q. Was anything said there at that time? A. Yes, there were several parties that remarked about it, I know I did myself, in fact I hollered out 'There is an accident about to happen'."

Further as to the same witness:

"Q. Was there any other exclamation other than what you testified to yesterday? A. Yes.

"Q. What was it? A. This Mexican Mendoza, he exclaimed 'Christ, look at that guy'.

"Q. Anything else? A. There was different ones made remarks. That remark was outstanding, it was something out of the way for that fellow to say."

E. P. Ferch was permitted to testify:

"Q. Now was there any exclamation at that time by anyone that you heard when the motorcycle passed? A. One of the boys remarked 'That baby is not standing still'."

In substance plaintiff made objection as follows:

When the question "Was there anything said there at that time" was propounded to witness McClain, Mr. Oxford, attorney for plaintiff, stated: "I object to that, we were not parties to the conversation." Mr. Oxford: "We still object to that unless it is shown we were present it would be hearsay as to us." Exception was duly taken to the

admission of the testimony. The testimony was offered as res gestae of the occurrence under investigation, that is, the collision between the two motor vehicles. The declarations offered were made immediately prior to the collision, and were, we think, res gestae. It was an illustration of events immediately preceding the collision, the speaking through the bystanders rather than the bystanders' narration of what had occurred. Plaintiffs in support of this assignment cite the case of Morgan v. Maunders, Tex.Civ.App., 37 S.W.2d 791, 793. Involved in that case was an automobile accident. It appears from the opinion that a Mrs. Myers appeared on the scene of the accident shortly after it occurred and while Russell Morgan, one of the defendants, was testifying as a witness for himself, plaintiff's counsel was permitted to ask him the following questions:

"Q. Did you have a conversation with Mrs. Myers there (at the scene of the accident) that night? A. I had a little, yes.

"Q. What was it? A. She said 'You were driving awfully fast.'"

It was held that the statement was properly part of the res gestae, but was objectionable as giving a conclusion of the witness. The precise objection made does not appear from the report. Here the testimony was unquestionably hearsay. It was part, however, of the res gestae of the occurrence in question. Part of it at least was in the nature of conclusions. The question is whether the objection that same was hearsay is sufficient to call the trial court's attention to the fact that it was objected to as being a conclusion of the witness. The objection to testimony as hearsay directly calls the court's attention to the fact that it is not verified by the oath of the declarant. If any of this testimony was subject to objection that same was a conclusion, it is thought the objection was insufficient to call the trial court's attention to that ground of objection. The declaration of Mendoza "Christ, look at that guy" is vague and indefinite and could not have had much probative force. The remark "That baby isn't standing still" is on

about the same plane. The assignments are overruled.

The declarations complained of were spontaneous exclamations of the spectators which were provoked by the accident while same was transpiring. The declarants did not talk about the event but the event spoke through the declarants. Texas Law of Evidence, McCormick & Ray, Sec. 429, 431.

As before stated, if these declarations were inadmissible as conclusions of the witnesses, the objection made was not sufficient to call the trial court's attention to their being objectionable on this ground. No reversible error appears in the record. It is ordered that the judgment of the trial court be in all things affirmed.