Sidney A. JOHNSON et ux., Appellants,

v.

Weldon JOHNSON et al., Appellees.

No. 3107.

Court of Civil Appeals of Texas.

Eastland.

Nov. 5, 1954.

Rehearing Denied Dec. 3, 1954.

Sentell, Rosser & Willbern, Snyder, Crenshaw, Dupree & Milam, Lubbock, for appellants.

Hawkins & Dean, Breckenridge, Wayland G. Holt, Park & Hamphill, Snyder, for appellees.

COLLINGS, Justice.

Sidney A. Johnson and wife, Clara Mae Johnson, brought this suit to recover certain personal property and money alleged to have been delivered to Weldon Johnson upon an express or implied agreement by Weldon Johnson, the son of Sidney A. Johnson by a former marriage, to keep and return such property to Sidney A. Johnson on demand. It was alleged that a portion of the money was placed on deposit with the West Texas State Bank of Snyder, Texas, and that the bank, without authority, paid out certain sums thereof to Weldon Johnson, or on his order. An accounting for all such property and monies was prayed and recovery therefor sought against Weldon Johnson and against the Bank for the amount of such alleged unauthorized payments.

Weldon Johnson answered that the property and money were delivered to him under an oral agreement with Sidney A. Johnson that in consideration for such property and money he, Weldon, would maintain and care for his father for the remainder of his life. He alleged in the alternative that such property and money were delivered to him as an absolute gift.

In supplemental pleadings, it was alleged by Sidney A. Johnson and Clara Mae Johnson, that the property and money were community property and, in the event it should be found to have been delivered to Weldon Johnson as an absolute gift, which was denied, such gift was and should be held void because made by a husband in contemplation of divorce from his wife, and that the trial court should grant and decree one-half of such property to Clara Mae Johnson.

The trial was before a jury and it was found, in answer to special issues, that the property and money in question were not delivered by Sidney A. Johnson to Weldon Johnson under an express or implied agreement that he would safely keep and return same or the proceeds thereof to plaintiffs upon demand, and that such property and money were not delivered to Weldon in consideration of his promise to maintain and care for his father during the remaining portion of his life. The jury found, however, that such property and money were delivered to Weldon Johnson by Sidney A. Johnson as a gift. Based upon such finding, the court entered judgment

decreeing the ownership of all such property and money to be in Weldon Johnson. Sidney A. Johnson and Clara Mae Johnson have appealed.

Appellants, Sidney A. Johnson and Clara Mae Johnson, are husband and wife and have been married since 1925. Sidney A. Johnson had been previously married but was divorced from his first wife in 1924.

Appellee Weldon Johnson is the son of Sidney A. Johnson and his first wife. During July and August, 1952, and for some time prior thereto, Sidney A. Johnson had been addicted to the excessive use of intoxicating liquors. He and his wife, Clara Mae, were having marital trouble and in August, 1952, they separated. On August 4, 1952, they entered into an agreement to partition their property between themselves in contemplation of a divorce. At or about this time, certain personal property and the money on deposit in various banks were delivered to Weldon Johnson. Sidney A. Johnson instituted divorce proceedings against Clara Mae and on September 9, 1952, an agreement was entered into between the parties by which each of them received or was allowed out of their assets the sum of $9,049.35. Thereafter, appellants became reconciled and the divorce suit was abandoned.

Sidney A. Johnson, on direct examination, testified that he delivered the property and money in question to appellee, Weldon Johnson, with the understanding that same would be kept for him and safely returned upon demand. On cross examination, counsel for appellee inquired of Sidney A. Johnson concerning the amount of money or property owned by Clara Mae Johnson at the time of their marriage in 1925. He also inquired how long appellants had been acquainted before their marriage. The following questions and answers were then made:

"Q. And, she was living in the home with you and Weldon and Weldon's mother, wasn't she? A. Yes, and another lady.

\* \* \* \* \* \*

"Q. You got acquainted with her when she was a school teacher out there living in the home with you and Weldon and Weldon's mother, didn't you? A. Yes, sir.

"Q. And, you married her about a year later, after you and Weldon's mother were divorced? A. Yes, sir— I don't know how long."

Appellant's counsel made timely objection to the above testimony on the ground that it was "twenty-five or twenty-seven years ago", and that it was "immaterial and irrelevant to any issue in the case" and was prejudicial. Such objections were overruled by the court and appellants' first point urges that such action of the court constitutes reversible error.

■ In our opinion the point is well taken. The material issues under the pleadings were whether the property and money were delivered to Weldon for safe keeping, as contended by appellants, or as a gift, or under an agreement to maintain and care for Sidney A. Johnson for the remainder of his life, as alleged by Weldon. The evidence to the effect that Clara Mae, more than twenty-five years ago, moved into and lived in the home of Sidney A. Johnson and his first wife and that in about a year Sidney divorced his first wife and soon thereafter married Clara Mae, was not material or relevant to the issues involved in this suit. Such evidence had no bearing whatever upon the question of whether the transfer of the property and money to Weldon was as a gift or upon consideration of a promise to maintain and support, or a delivery in trust. It was wholly immaterial and irrelevant to the issues raised by the pleadings. Its obvious tendency was to becloud the issues and it was reasonably calculated to cause the rendition of an improper judgment. The point is sustained. Rule 434, Texas Rules of Civil Procedure; Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811; Rojas v. Vuocolo, 142 Tex. 152, 177 S.W.2d 962; Burchill v. Hermsmeyer, Tex. Civ.App., 230 S.W. 809 (Dis.); Springer v. Strahan, Tex.Civ.App., 180 S.W.2d 654; Reef v. Hamblen, Tex.Civ.App., 47 S.W.2d

375 (Writ Ref.); Utilities Natural Gas Corp. v. Hill, Tex.Civ.App., 239 S.W.2d 431 (Ref. N.R.E.); Clark v. Merchants' Realty Co., Tex.Civ.App., 20 S.W.2d 226.

 Appellee contends that appellants cannot be heard to complain of the introduction of the above evidence because thereafter Weldon Johnson testified to substantially the same thing without any objection from appellants. This contention is not tenable because counsel for appellant secured an agreement from the court that he might thereafter, without repeating, have the same objection to any continuation of that line of testimony.

 In other points appellants complain of the action of the court in admitting over objection evidence to the effect that Sidney A. Johnson did not see his grandson for a period of three or four days after the child's birth in 1937, and that Clara Mae threatened to leave him if he did go to see his grandson, who was the son of appellee, Weldon Johnson. This evidence was immaterial, irrelevant and inadmissible for the same reasons as stated and set out in the discussion of appellants' point No. 1.

 In view of another trial, we feel it necessary to discuss other points complaining of the burden of proof in regard to certain issues submitted to the jury. Some of the special issues inquired whether the property and money in question "was not delivered or turned over to Weldon Johnson by Sidney A. Johnson as an absolute gift." Other issues inquired whether such property and money "was not received by" Weldon Johnson in pursuance with an agreement to the effect that he would take care of his father for the rest of his father's life. Appellants objected to these issues on the ground that they improperly placed the burden of proof on appellants and their objections and exceptions were overruled. Appellants urge that such action was error. In our opinion, the contention is well taken. Weldon Johnson, as a defense, alleged and claimed ownership of the property and money under an alleged agreement that he would maintain and care for his father for the rest of his life, and in the alternative alleged the receipt of such property and money as a gift. These allegations were more than mere negation of the facts asserted in plaintiffs' pleadings. Boswell v. Pannell, 107 Tex. 433, 180 S.W. 593; Mims v. Hearon, Tex.Civ.App., 248 S.W.2d 754. They were affirmative defenses urged and relied upon by Weldon Johnson and the burden of proving them was on him. Lamb v. Collins, Tex.Civ.App., 93 S.W.2d 490; Wells v. Ward, Tex.Civ.App., 207 S.W.2d 698, 700; Baker v. Pierce, Tex.Com.App., 259 S.W. 921; Houston & T. C. Ry. Co. v. Cowser, 57 Tex. 293, 301, 302; Manzer v. Barnes, Tex.Civ.App., 213 S.W.2d 464; Martin v. Farmers' Nat. Bank of Hillsboro, Tex.Civ.App., 294 S.W. 240.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded.