**Dorothy HULSE, Appellant,**

v.

**Fred DENNIS et al., Appellees.**

**No. 7397.**

Court of Civil Appeals of Texas.

Texarkana.

April 3, 1962.

Rehearing Denied April 17, 1962.

Brown & Brown, Texarkana, for appellant.

Harkness & Friedman, Texarkana, for appellees.

FANNING, Justice.

This suit arose out of an automobile collision between the automobile driven by appellant Dorothy Hulse and an automobile driven by appellee Fred Dennis. Fred Dennis brought the suit individually and for his wife Faith Dennis and as next friend of his minor son Bryant Leslie Dennis. Appellant answered and filed a cross-action for damages against Fred Dennis. The case was tried before a jury upon special issues resulting in favorable findings for appellees and adverse to appellant. From an adverse judgment appellant has appealed.

Appellant on appeal contends to the effect that the trial court erred in not granting her motion for mistrial because of the injection of insurance in the cause by appellees; and in instructing the jury to the effect that appellant did not have insurance.

The matters complained of are more fully detailed in appellant's Bill of Exception as qualified by the trial court; after omitting formal portions we quote from same in part as follows:

"* * * while witness, Mrs. Fred Dennis, wife of the plaintiff, Fred Dennis, was testifying on direct examination, as a witness for plaintiffs, the following questions were asked said witness by plaintiff's attorney, and the following answers were given, to-wit:

"Q. Did you talk to Dorothy Hulse that night?

"A. Yes, sir.

"Q. What did she tell you?

"A. Well, she told me—the first thing she said to me is: 'You don't need to worry; I am covered with insurance.'

"That immediately upon said witness testifying as set out above, the defendant, through her attorney, moved the Court to discharge the jury and declare a mistrial, because of the introduction of said unlawful and prejudicial evidence. The Court immediately called a recess, and talked with both attorneys, and discovered that neither party had liability insurance; the Court then overruled said motion of plaintiff, and prepared an instruction to the jury, informing them of such, to which action of the Court in overruling said motion and giving said instruction, the defendant excepted, and here and now tenders this her Bill of Exception No. 1, and prays that same be approved by the Court and made a part of the record in this cause. (Here follows signature of attorney for appellant.)

"The above and foregoing bill of exception No. 1, of defendant having been presented to the Court for approval, and after same was examined and considered and same is approved this the 10th day of May, A. D., 1961, with the following qualifications:

"After the testimony referred to in said bill of exception was introduced, and the Court had held a conference with the attorneys for both plaintiffs and defendant, the Court gave the following instruction to the jury, over the objection and exception of the defendant:

" 'Let the record show and reflect that the Court, during the recess immediately following the mention of the word "insurance", determined from all parties that the defendant Dorothy Hulse, did not have insurance coverage of any type or character whereby anyone other than herself would be responsible for any amount obtained as a result of a judgment unfavorable to her in this cause and the Court so informed the jury,' "and that the defendant objected and excepted to the giving of said instruction to the jury, which was given over the objection of defendant, and the Court overruled said objection and exception, and defendant's exception is hereby noted, and made a part of the record in this case." (Here follows signature of the trial judge).

The record shows that the trial court gave the following quoted instruction to the jury:

"Ladies and gentlemen of the jury, at this time it becomes the duty of the court to instruct and inform you that all parties to this suit agree that there is no insurance of any type or character carried by Mrs. Hulse whereby anyone other than Mrs. Hulse would be liable for the amount or any amount which might be rendered against her as a result of the trial in this cause. In plain English, there is no insurance in the case."

The record further shows that appellant's counsel made the following objections and exceptions to the Court's instruction in question:

"Mr. Brown: Defendant objects and excepts to giving the instruction set out above, because it would put the defendant in the position of proving from the witness stand that she had no insurance and that she did not tell the wife of the plaintiff that she did have any, and would raise the question in the minds of the jury as to the varacity of the defendant, and the said Mrs. Dennis; and furthermore, because a jury would be calculated to be prejudiced against the defendant because of the lack of insurance in operating her automobile on the highways of this state without any (insurance); the question of insurance being injected into the case by the wife

of the plaintiff on direct examination and not on cross-examination is error, and calculated to prejudice the jury against this defendant."

In this cause appellant was cast in the role of both a defendant and a cross-plaintiff.

Showing that the defendant-cross plaintiff had insurance or that she did not was irrelevant in the case at bar. Rojas v. Vuocolo, 142 Tex. 152, 177 S.W.2d 962, opinion adopted.

It was improper for appellees to directly inject insurance into the case at bar. Rojas v. Vuocolo, 142 Tex. 152, 177 S.W.2d 962, opinion adopted.

It is our view that the matters complained of by appellant were reasonably calculated to cause and probably did cause the rendition of an improper judgment in this cause under Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is reversed and the cause is remanded for a new trial.