Mark Anthony **COLLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–94–00346–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 16, 1995.

Petition for Discretionary Review
Refused May 31, 1995.

Will Outlaw, Houston, for appellant.

John B. Holmes, Jr., Carol M. Cameron, Brian Rose, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

A jury convicted appellant, Mark Anthony Colley of credit card abuse. He pled true to two enhancement paragraphs, and the jury assessed punishment at 25 years. Appellant raises three points of error on appeal. We reverse.

## BACKGROUND

Appellant was employed as a cashier at the Target store on South Main. The jury heard evidence that on November 10, 1993, Melinda Bily made a purchase with a credit card at appellant's check-out lane. Appellant ran the card through the reader but did not return the credit card to Bily. A Target security guard had appellant under surveillance because of prior information that appellant was not returning credit cards to customers and testified that appellant placed a pen or pencil on top of the card, then put the card in a drawer underneath the cash register, and then put the card in his pocket. At the end of appellant's shift, the security guard confronted appellant. Appellant produced the card, saying that a customer had forgotten it.

The indictment alleged that appellant:

did then and there unlawfully and knowingly steal a Mastercard credit card *owned by the cardholder, Melinda Bily,* with the intent to deprive the cardholder of the property and without the effective consent of the cardholder ... [he] did then and there unlawfully and knowingly receive with intent to use, a Mastercard credit card *owned by the cardholder Melinda Bily,* knowing the credit card had been stolen by Mark Anthony Colley.

(Emphasis added). Likewise, the jury charge directed the jury to find appellant guilty if the jury found that appellant did "knowingly steal a Mastercard credit card *owned by the cardholder, Melinda Bily ...*"

(Emphasis added). The statute in effect at the time of the offense defined "cardholder" as "the person named on the face of the credit card to whom or for whose benefit the credit card is issued."[1] At trial, however, Melinda Bily testified that the card was in the name of her husband, John E. Bily.

## POINT OF ERROR ONE

■ Appellant's first and third points of error challenge the sufficiency of the evidence. Our standard for reviewing the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 163 (Tex.Crim.App.1991).

In his first point of error, appellant argues that the evidence was insufficient to support appellant's conviction because the indictment alleged that Melinda Bily was the "cardholder" while the evidence showed that the cardholder was actually John E. Bily.

Appellant relies on *Harrell v. State*, 852 S.W.2d 521 (Tex.Crim.App.1993). There, the Court of Criminal Appeals reversed the conviction of the appellant because the indictment alleged that the cardholder was "Larry Waltman," while the evidence showed that the card was actually issued in the name of Waltman's company, "Richardson's Rubber St Wks Inc." *Id.* at 523, 524.

Although we are bound to follow the Court of Criminal Appeals, the State does not address *Harrell* or the other cases dealing with the construction of "cardholder."[2] *E.g., Jones v. State*, 611 S.W.2d 87 (Tex.Crim.App. 1981). Instead, the State argues that Melinda Bily's testimony referring to the card as "my card," (R. IV p. 107–08) constituted evidence that she was named on the face of the card.[3] The State further argues that Melinda's testimony that the card was in the name of her husband could have referred to the account, as opposed to the card. The State also argues that her testimony that the card was in her husband's name did not necessarily establish that Melinda Bily was *not* named on the face of the card. Finally, the State argues that at the very most there was a conflict in the evidence, and that the jury was entitled to believe some portions of the testimony of Melinda Bily and reject other portions.

■ Sufficiency of the evidence must be measured against the jury charge that was given. *Garrett v. State*, 749 S.W.2d 784, 802–03 (Tex.Crim.App.1986). Here, the charge specifically named Melinda Bily as the cardholder. Yet the *only* evidence establishing the cardholder's name was the testimony of Melinda Bily, and that testimony established that someone *other* than Melinda Bily was named on the face of the card. There simply was no evidence that Melinda Bily was named on the face of the card. During closing argument, counsel for appellant stressed to the jury that the State had the burden of proving the name of the cardholder, and suggested that the State had not met its burden. In light of the evidence and the rulings of our high court, we sustain appellant's first point of error, reverse the conviction and order an acquittal.[4]

---

1. Act of June 14, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex.Gen.Laws 883, 936, *amended by* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3644. The present statute, Tex. Penal Code Ann. § 32.31(a)(1) (Vernon 1994), is essentially unchanged.

2. In *Harrell*, as in this case, the actual credit card was not admitted into evidence. The evidence establishing that the card was not issued in the name alleged in the indictment consisted of monthly statements which showed that the card was issued to "Richardsons Rubber St Wks Inc" and testimony that that was the name on the face of the card. *Id.* at 523, n. 2. Here, the card was not admitted, nor were any monthly statements.

3. Q: I'll show you what has been marked as State's exhibit No. 1. Do you recognize that?
   A: Yes, that's my credit card.
   Q: What type of brand name credit card?
   A: Marine Midland Continental Airlines Credit card in the name of my husband, John E. Bily.

4. Our holding does not hold or imply that Melinda Bily did not have actual authority to use the credit card issued in the name of her husband. Rather, we simply hold that, on the facts of this case, the evidence elicited at trial did not conform to the allegations in the indictment.

## POINT OF ERROR TWO

In his second point of error, appellant contends that the trial court erred in denying appellant's motion for mistrial. During the prosecutor's closing argument, the prosecutor began to ask the jury to find that persons commonly allow their family members to use their credit cards. Appellant objected and pursued an adverse ruling. The trial court sustained the objection, granted a motion to disregard, and denied a motion for mistrial.

Permissible jury argument must fall within one of four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) a plea for law enforcement. *Albiar v. State*, 739 S.W.2d 360 (Tex.Crim.App.1987). To constitute reversible error, jury argument must be either extreme or manifestly improper, or inject new and harmful facts into evidence. *Minter v. State*, 505 S.W.2d 581 (Tex.Crim.App. 1974). Appellant contends the State did not elicit essential evidence during it's case, and that the prosecutor attempted to testify before the jury by asserting for the first time during closing argument that Melinda Bily's husband had given her the credit card to use. However, the prosecutor's argument did not amount to a specific assertion at all. At the very most it was a reasonable deduction from the evidence, and it certainly did not inject any new facts into evidence. We overrule appellant's second point of error.

We reverse and acquit.