In re FOREMOST INSURANCE
COMPANY and Betty
Driscoll.

No. 13–97–886–CV.

Court of Appeals of Texas,
Corpus Christi.

March 26, 1998.

Roger W. Hughes, Adams & Graham, Harlingen, Vada Seward–Staha, Thornton & Summers, et al., Corpus Christi, for Relator.

Mario Ramirez, Jr., Edinburg, for Respondent.

W. Lassiter Holmes, III, Edinburg, Leo S. Pruneda, Rodriguez, Pruneda & Tovar, McAllen, for Real Party of Interest.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Relator, Foremost Insurance Company ("Foremost"), requests this Court issue a writ of mandamus compelling the Honorable Mario E. Ramirez, Jr., Presiding Judge of the 332nd District Court of Hidalgo County, Texas to withdraw his order denying Foremost's motion to sever and abate real party-in-Interest Toby Driscoll's claims against Foremost from those against Foremost's insured.

Driscoll sued his mother, Relator Betty Driscoll for bodily injuries he received when the chair in which he was sitting collapsed during a visit to his mother's home. He also sued her liability carrier, Foremost, for breach of contract, violation of their duty of good faith and fair dealing, DTPA, and violation of article 21.21 of the Texas Insurance Code. Foremost filed special exceptions and moved for severance and abatement of Driscoll's claims against it, which the trial court denied.

Severance of claims under the Texas Rules of Civil Procedure rests within the sound discretion of the trial court. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990); *Hamilton v. Hamilton*, 154 Tex. 511, 280 S.W.2d 588, 591 (1955); see also Tex.R. Civ. P. 41. A trial court properly exercises its discretion in severing claims when: (1) the controversy involves more than one cause of action; (2) the severed claim is one that could be asserted independently in a separate lawsuit; and (3) the severed actions are not so interwoven with the other claims that they involve the same facts and issues. *Guaranty Fed.*, 793 S.W.2d at 658. The controlling reasons for a severance are to do justice, avoid prejudice, and further convenience. *Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996); *Guaranty Fed.*, 793 S.W.2d at 658.

Foremost and Mrs. Driscoll claim they are entitled to the extraordinary remedy of mandamus to correct the trial court's abuse of discretion in failing to order severance and abatement of Driscoll's claims against Foremost from his claims against his mother. Mandamus will issue to correct a clear abuse of discretion when there is no other adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)). To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Id.* at 840. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.*

When all the facts and circumstances of the case require separate trials to prevent manifest injustice and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby, there is no room for the exercise of discretion. *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 683 (1956). While the refusal to order a separate trial under such circumstances is usually termed a clear abuse of discretion, it is nevertheless a violation of a plain legal duty. *Id.*

■ Driscoll concedes the first two prongs of the test for severance, but contends the facts and issues in his action against Foremost are indivisible from those against his mother. We do not agree. While it is true the events giving rise to all Driscoll's claims originated with the collapse of his mother's chair, the actions making the basis for his lawsuit against Foremost are clearly distinguishable. The causes of action raised by Driscoll against Foremost relate exclusively to Foremost's behavior following his injury, while his cause of action against his mother relates to the injury causing event itself. We find Foremost and Mrs. Driscoll satisfy the requirements necessary to trigger severance.

We conclude the facts and circumstances of this case are substantially similar to those cited in *F.A. Richard & Assoc's. v. Millard,* 856 S.W.2d 765 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). Though not controlling, we find the analysis provided by our sister court persuasive. Because Foremost's liability to Driscoll is conditioned on Mrs. Driscoll's liability to her son, we hold that to require a simultaneous trial of Driscoll's claims against his mother and Foremost would unduly prejudice both parties' rights to develop their defenses, and force Foremost to defend against Driscoll's suit prematurely. Such a simultaneous trial would require detailed and extensive evidence of insurance, prejudicing Mrs. Driscoll's defense and violating her substantial right to have her liability decided without mention of insurance. *Rojas v. Vuocolo,* 142 Tex. 152, 177 S.W.2d 962, 962–64 (1944); *F.A. Richard,* 856 S.W.2d at 767; see Tex.R. Civ. Evid. 411. In a simultaneous trial, Mrs. Driscoll would also be prejudiced by mention of settlement offers in violation of rule of civil evidence 408. Tex.R. Civ. Evid. 408 (evidence of settlement offers is not admissible). The prejudice to Mrs. Driscoll would likewise harm Foremost. Conversely, to exclude evidence of insurance and settlement negotiations would prejudice Driscoll's substantial right to develop his bad faith case against Foremost. *United States Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 673 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding); *F.A. Richard,* 856 S.W.2d at 767.

For the reasons stated in United States Fire and F.A. Richard, we hold that abatement of the bad faith claims must accompany severance. See also *Maryland Am. Gen. Ins. Co. v. Blackmon,* 639 S.W.2d 455, 458 (Tex.1982). We conclude the trial court's refusal to abate Driscoll's claims against Foremost was also an abuse of discretion.

Driscoll complains of Foremost's delay of six weeks before seeking relief by mandamus. We are satisfied, following our review of the pleadings, Foremost's request is not barred by laches and relief will not be denied on this basis.

■ We must next determine whether the defendant has an adequate remedy by appeal. *Walker,* 827 S.W.2d at 840. Mandamus is intended as an extraordinary remedy, available only in limited circumstances. Id. Such interference is justified only when parties stand to lose their substantial rights. Id. at 842; *Iley v. Hughes,* 311 S.W.2d 648, 652 (Tex.1958).

■ We find Foremost has a substantial right, in the trial of the plaintiff's personal injury claim, not to have the settlement offers and negotiations introduced into evidence. Having found that severance and abatement offer the only protection to all interests involved, we hold that there is no adequate remedy by appeal. Foremost and Mrs. Driscoll are therefore entitled to relief by writ of mandamus compelling the trial court to vacate its order of October 23, 1997, denying their motion to sever and abate; to sever Driscoll's claims against Foremost from his claims against his mother; and to abate all proceedings against Foremost pending full and final resolution of Driscoll's claims against his mother.

We are confident Judge Ramirez will comply with our holding here. Our writ of mandamus will issue only in the event he fails to do so.