In the Matter of AAB a Juvenile















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-035-CV

IN THE MATTER OF A.A.B., A JUVENILE

 

From the County Court at Law No. 2
Johnson County, Texas
Trial Court # J02790
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      I am not ready to abandon our decision in In re M.E.R. to apply Almanza to the charge in
juvenile cases. Almanza v. State, 686 S.W.2d 157, 172 (Tex. Crim. App. 1985) (op. on reh'g);
In re M.E.R., 995 S.W.2d 287, 291 (Tex. App.—Waco 1999, no pet.).
      We specifically asked the parties to brief the question. The State’s brief on re-submission
says: “The State responds that the criminal rules should apply based on the analysis of In re
C.O.S., [988 S.W.2d 760 (Tex. 1999)], In re A.V., [57 S.W.3d 51 (Tex. App.—Waco 2001, no
pet.)], In re M.E.R., [995 S.W.2d at 291], In re K.W.G., [953 S.W.2d 483 (Tex.
App.—Texarkana 1997, pet. denied)], In re E.F., [986 S.W.2d 806 (Tex. App.—Austin 1999, pet.
denied)], In re C.P., [998 S.W.2d 703 (Tex. App.—Waco 1999, no pet.)], and R.X.F. v. State,
[921 S.W.2d 888 (Tex. App.—Waco 1996, no writ)].” I believe the State’s analysis of the issue
is correct.
      Having stated my disagreement with the majority’s position about that, I concur in the
judgment because, considering the charge in its entirety, I do not believe that A.A.B. has
demonstrated that he was “egregiously harmed.” See Almanza, 686 S.W.2d at 171.
 
                                                                   BILL VANCE
                                                                   Justice

Concurring opinion delivered and filed June 11, 2003