IN the Matter of JAD a Juvenile
















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-00077-CV

IN THE MATTER OF J.A.D., A JUVENILE

 

From the 52nd District Court
Coryell County, Texas
Trial Court # JV-02-1603
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      This is a juvenile case. J.A.D. was charged with delinquent conduct, i.e., burglary of a
habitation. A jury found the allegations to be true, and the court signed an order that
committed him to the Texas Youth Commission (TYC) for an indeterminate period not to
exceed age twenty-one and ordered that the person responsible for his support pay monthly
child support to the TYC.
      On appeal, J.A.D. asserts that the court erred in failing to grant motions for mistrial.
      The State did not file a brief. When the time for filing one passed, we requested that a
brief be filed or we be notified that no brief would be filed. We received no response.
 
 
TESTIMONY ABOUT PAROLE
      J.A.D. filed, and the court granted, a motion in limine to exclude evidence of his prior
juvenile record. During the direct testimony of R.D., the State’s counsel informed the court in
a bench conference that the witness had previously stated that J.A.D. said, “I’m going to go
rob another house or break into another house,” and that he might testify about a gun. The
court excused the jury and inquired of the State’s counsel whether the witness had been
cautioned not to mention that J.A.D. was in possession of a firearm. Counsel replied that he
had done so and told the court that the witness would testify that J.A.D. told him, “I’m going
to go rob a house. I just robbed one previously.” The judge then asked R.D., “Do you
understand that under no circumstances are you to mention that gun?” R.D. replied, “Yes,
ma’am.” A short time later, in response to a question from State’s counsel about what he and
J.A.D. “planned to do,” R.D. replied, “Well, we just planned to move in. He was—he was
going to get off parole and—.” J.A.D.’s objection was sustained, the jury was instructed not
to consider the statement for any purpose, and a motion for a mistrial was denied.
      This issue is governed by our decision in Murray v. State, involving an officer's
unembellished testimony about contacting the defendant’s “parole officer.” Murray v. State,
24 S.W.3d 881, 892 (Tex. App.—Waco 2000, pet. ref’d). The testimony was followed by an
immediate instruction to disregard. Id. We found that the testimony was not so inflammatory
as to suggest that the curative instruction was inadequate, and that the trial court did not err in
denying Murray's motion for a mistrial. Id. Applying the same reasoning here, we overrule
the first issue.
 

FACTUAL SUFFICIENCY
      J.A.D.’s second issue is couched in terms of error in the denial of a motion for a mistrial,
but the substance of the complaint is that the evidence is factually insufficient


 to support the
jury’s finding that he committed burglary of a habitation. 
      In the adjudication phase of a juvenile proceeding, the criminal standard for testing the
factual sufficiency of the evidence is employed. In re C.P., 998 S.W.2d 703, 708 (Tex.
App.—Waco 1999, no pet.). There is only one question to be answered in a factual-sufficiency review: Considering all of the evidence in a neutral light, was a jury rationally
justified in finding guilt beyond a reasonable doubt? Zuniga v. State, No. 539-02, 2004 WL
840786 at *7 (Tex. Crim. App. April 21, 2004). However, there are two ways in which the
evidence may be insufficient. Id. First, when considered by itself, evidence supporting the
verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. 
Second, there may be both evidence supporting the verdict and evidence contrary to the
verdict. Id. Weighing all the evidence under this balancing scale, the contrary evidence may
be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so the
guilty verdict should not stand. Id. This standard acknowledges that evidence of guilt can
"preponderate" in favor of conviction but still be insufficient to prove the elements of the crime
beyond a reasonable doubt. Id. Stated another way, evidence supporting guilt can “outweigh”
the contrary proof and still be factually insufficient under the beyond-a-reasonable-doubt
standard. Id.
      Zuniga also reminds us that we must defer to the jury’s determination. See id. at *3
(citing Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The jury determines the
credibility of the witnesses and may “believe all, some, or none of the testimony.” Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). It is the jury that accepts or rejects
reasonably equal competing theories of a case. Goodman v. State, 66 S.W.3d 283, 285 (Tex.
Crim. App. 2001). The evidence is not factually insufficient merely because the factfinder
resolved conflicting views of evidence in favor of the State. Cain, 958 S.W.2d at 410.
      J.A.D. says that the evidence is factually insufficient in the second way, i.e, that
considering the evidence supporting the verdict and evidence contrary to the verdict under the
balancing scale, the contrary evidence is strong enough that the beyond-a-reasonable-doubt
standard was not met. Zuniga, No. 2004 WL 840786 at *7. He says that far more evidence
points to R.D. as the guilty party than points to J.A.D.
      We have reviewed all the evidence in a neutral light and find it was within the province of
the jury to choose between reasonably equal competing theories of the case. Goodman, 66
S.W.3d at 285. The determination turns on the credibility of the witnesses, and we will not
disturb it. We overrule the second issue.
CONCLUSION
      We affirm the order committing J.A.D. to the Texas Youth Commission.
 
 
                                                                        BILL VANCE
                                                                         Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Affirmed
Opinion delivered and filed June 23, 2004

[CV06]