

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-11-00222-CR

**TAMMY RENA WILLIAMS,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

_____

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 09-04698-CRF-272**

---

## MEMORANDUM OPINION

---

Tammy Rena Williams was convicted of the offense of credit card abuse and sentenced to four years in prison. TEX. PENAL CODE ANN. § 32.31(b)(1)(A) (West 2011). She appeals. Because the evidence is sufficient to support the finding of guilt and because Williams' issue regarding questioning by the trial court was not preserved, the trial court's judgment is affirmed.

### BACKGROUND

Williams needed new tires on her car. According to Williams, Cheryl, the cousin

of Williams' co-worker, offered Williams the use of a credit card in exchange for $250. Cheryl told Williams to sign the name that was on the card. When Williams bought tires at a Firestone store, she signed the name that was on the card, "Catherine Hawes." She knew that was not Cheryl's name. Williams went back to the Firestone store the next day and used the credit card again to pay for the tires being mounted on her car. Williams was identified by the manager of the Firestone as the person who made the two purchases. The next month when Mary Catherine Hawes received her credit card statement, she noticed bills for tires she never purchased from a Firestone store she had never visited. Hawes did not know Williams and had not given her permission to use her card. Hawes further testified that her credit card had never left her purse.

**SUFFICIENCY OF THE EVIDENCE**

In her first issue, Williams contends the evidence was insufficient to support the trial court's finding of guilt. Specifically, she argues that because she presented evidence showing that in exchange for the use of the credit card, she paid cash to the person who gave her the card and assumed that person had the authority to use the card; Williams did not know that she was using the card without the effective consent of the cardholder.

*Standard of Review*

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, No. AP-76,020, ___ S.W.3d ___, ___, 2011 Tex. Crim. App. LEXIS 1222, *43-44, 2011 WL 4347044, *16 (Tex. Crim. App. Sept. 14, 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

*Elements*

The elements for credit card abuse are: (1) a person with intent to obtain a benefit fraudulently; (2) presents or uses a credit card; (3) with knowledge that the card has not been issued to her; and (4) and is not used with the effective consent of the cardholder. TEX. PENAL CODE ANN. § 32.31(b)(1)(A) (West 2011). *See In re C.P.*, 998 S.W.2d 703, 709 (Tex. App.—Waco 1999, no pet.). Lack of effective consent may be proven solely by circumstantial evidence. *Lee v. State*, 962 S.W.2d 171, 174 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

*Application*

The trial court was not required to believe that Williams did not know she did not have the cardholder's consent to use the card. Further, Williams testified that she was told by Cheryl, the person from whom she received the card, to sign a different person's name when using the card. Hawes, the cardholder, testified that she did not know Williams nor did she give Williams permission to use the card. Accordingly, the evidence was sufficient to prove the card was not used with the effective consent of the cardholder. Williams' first issue is overruled.

## QUESTIONING BY THE TRIAL COURT

Williams argues in her second issue that the trial court abused its discretion by subjecting Williams to judicial cross-examination during the punishment phase of the trial. Williams did not object to the alleged questioning by the trial court but contends

on appeal that the alleged questioning was fundamental error because the trial court abandoned its neutral and detached role; and thus, no objection was required.

*Preservation*

Texas Rule of Appellate Procedure 33.1 provides that, in general, as a prerequisite to presenting a complaint for appellate review, the record must show a timely, specific objection and a ruling by the trial court. TEX. R. APP. P. 33.1. *See Layton v. State*, 280 S.W.3d 235, 238 (Tex. Crim. App. 2009); *Neal v. State*, 150 S.W.3d 169, 175 (Tex. Crim. App. 2004). Unpreserved error may be reviewed if the error is a fundamental error that affects a defendant's substantial rights. TEX. R. EVID. 103(d); *Marin v. State*, 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993). However, there are few rights that must be affirmatively waived and may therefore be raised for the first time on appeal. *Marin*, 851 S.W.2d at 280. *See Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002) ("All but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong.").

*Facts*

Williams took the stand to testify during punishment. The trial court's alleged questioning took place after Williams' counsel presented closing argument but before the State responded. The Court stated to counsel:

> But, you know, what troubles me about her is that she continues to be defiant as far as this particular charge is concerned. And those are not good mental attitudes for rehabilitation. I'll let you address that if there is an address that can be made.

At that time, counsel told Williams to "tell Judge Bryan now how you feel about this situation." The following exchange then took place.

Williams:     I accept. I know I was wrong.

Court:        Well, that's not what you said up till now.

Williams:     Yes, sir. I know I was wrong. If I could change it, I would change it.

Court:        Knowing that you were wrong and making a mistake is different from knowing that you were committing a crime.

Williams:     And I realize that. And I even told my lawyer that at the time. Like I explained when I was up there, your Honor, when she hand me the card, I did not look at it. I just stuck it in my pocket. When I got to the place, I realize her name was Shirley and was Catherine on the thing. I know what I was doing was wrong at that time. And I should have used better judgment. I was under pressure under the job. I was doing the job. This is a turning. Getting paid as a manager. Only getting paid $500 a week, and I'm running four stores. So I did have the money to buy the tires. I used that as a copout. I did. I know I was wrong, and I admit that.

Court:        All right. What else? Mr. Lewis, anything?

At that point, the State presented its closing argument. The trial court questioned the State, Williams' counsel, and the probation officer regarding what type of punishment to give Williams. The court then took the case under advisement and informed the parties that he would have a decision in the morning.

Williams mischaracterizes the remainder of the complained of exchange between her and the trial court as occurring at the same time as the above exchange. It did not.

It occurred the next morning after the court sentenced Williams to serve four years in prison and then withdrew the sentence when Williams complained that she had no one to take care of her grandchildren. The trial court gave Williams one week to make arrangements for the children. This additional exchange will not be repeated here.

*Application*

Even assuming these exchanges could be considered "questioning," it is clear from this record that any statements addressed to Williams were for the purpose of clarifying an issue before the court, that being rehabilitation, and that the trial court maintained a neutral and detached role. Thus, an objection was required. *See Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978). Accordingly, Williams' second issue is not preserved and is overruled.

## CONCLUSION

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 26, 2011
Do not publish
[CR25]