

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00067-CV

_____

IN RE PHILIP J. EMERSON, JR.

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# M E M O R A N D U M   O P I N I O N

In 2014, the trial court entered a take-nothing judgment against Philip J. Emerson, Jr., which was never appealed. Emerson has now filed a pro se petition for a writ of mandamus seeking relief from the trial court's denial of his motions to vacate the final judgment and appoint a receiver over a successful defendant. Emerson also purported to amend his petition in the finally decided case to include claims against previously nonsuited and new defendants and seeks mandamus relief from the trial court's severance of those claims.

We deny Emerson's petition for writ of mandamus because we conclude (1) the trial court lacked plenary power over Emerson's direct attack of the 2014 final judgment and (2) Emerson cannot show that the trial court abused its discretion in ordering the severance.

## I.      Factual and Procedural Background

In 2012, the Honorable Timothy Boswell presided over a lawsuit filed by Emerson against the Holly Lake Ranch Association (Association) in the 402nd Judicial District Court of Wood County, Texas. The petition, assigned trial court cause number 2012-626, showed that Emerson sued the Association because it charged maintenance and garbage fees and expended Association funds to hire security personnel who restricted Emerson's use of the main gate until he paid the Association's fees and acquired a gate card.[1]

Judge Boswell entered a take-nothing judgment for the Association in 2014, which was not appealed. In 2019, under the same cause number, Emerson filed an unverified motion to vacate

---

[1]Emerson filed a second amended petition including Larry Bowman, Greg Demko, Robert Levy, Robert James, Silverleaf Resorts, Inc., Cerberus Corporation, and Robert Mead as parties.

the trial court's prior final judgment. Emerson argued that Judge Boswell should have recused himself from the case sua sponte because he "practiced law with counsel for [the Association]" in the 1990s in a lawsuit filed by the Association against Debra Miller for violating its rules by using her property as a dumping or storage area for an inoperable vehicle. Emerson attached documents showing that the Association was represented by John W. Alexander in the 1990s and that Judge Boswell and Alexander were partners in the Alexander & Boswell law firm. Even though Judge Boswell was not counsel in the case filed by Emerson and Craig M. Daugherty, Boswell's former firm represented the Association in the case Emerson filed, and therefore, Emerson argued that Judge Boswell was constitutionally disqualified from presiding over the case and that as a result, the judgment was void.[2]

Besides his motion to vacate, on June 24, 2019, Emerson filed an amended petition in cause number 2012-626 which (1) asked the trial court to appoint a receiver over the Association and (2) raised claims against a new party, Lynwood Champion, and a previously nonsuited party, Robert E. Mead, Jr. Champion and Mead moved to sever Emerson's claims against them from cause number 2012-626.

After a hearing on Emerson's motion to vacate, in which the trial court explained that its plenary power had expired over cause number 2012-626, the trial court, now presided over by the

---

[2]The Texas Constitution states, "No judge shall sit in any case wherein the judge . . . shall have been counsel in the case." TEX. CONST. art. V, § 11. Further, "A judge must disqualify in any proceeding in which . . . the judge has served as a lawyer *in the matter in controversy*, or a lawyer with whom the judge previously practiced law served during such association as a lawyer *concerning the matter*." TEX. R. CIV. P. 18b(a) (emphasis added). Where the facts raise only an issue regarding possible recusal, not disqualification, mandamus relief is inappropriate. *See In re Estate of Calkins*, No. 01-18-00160-CV, 2019 WL 2292985, at *5 (Tex. App.—Houston [1st Dist.] May 30, 2019, no pet. h.); *In re P.K.*, 560 S.W.3d 413, 424–25 (Tex. App.—Fort Worth 2018, pet. denied).

Honorable Jeff Fletcher, denied Emerson's motion for appointment of a receiver over the Association, granted Champion and Mead's severance, and assigned a new cause number to the severed claims against them. Emerson seeks mandamus relief.

## II. Standard of Review

Emerson bears the burden to show entitlement to mandamus relief. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding), *disapproved on other grounds by In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex. 2009) (orig. proceeding). "Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law." *In re Good Shepherd Hosp., Inc.*, 572 S.W.3d 315, 319 (Tex. App.—Texarkana 2019, orig. proceeding) (per curiam) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)). It is an "extraordinary remedy that will issue only to correct a clear abuse of discretion, or in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action."[3] *Id.* Also, the relator must show that he seeks to compel a ministerial act not involving a discretionary or judicial decision. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198 (Tex. App.—Texarkana 2006, orig. proceeding).

---

[3]A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839.

4

**III.     Plenary Power to Consider Emerson's Requests in Cause Number 2012-626 Expired**

Emerson argued that the final judgment rendered in 2014 by Judge Boswell was void.  "It is well settled that a litigant may attack a void judgment directly or collaterally."  *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012).  "A collateral attack is accomplished through initiating a new case under a different cause number that challenges the effect of the original judgment."  *In re Thompson*, 569 S.W.3d 169, 172 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding) (citing *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010) ("A void order is subject to collateral attack in a new lawsuit.")).  Because it collaterally "seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes," a collateral attack can be brought at any time.  *PNS Stores, Inc.*, 379 S.W.3d at 272.

However, "a direct attack—such as an appeal, a motion for new trial, or a bill of review— attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition."  *Id.* at 271.  "After the time to bring a direct attack has expired, a litigant may only attack a judgment collaterally."  *Id.* at 272.

Here, rather than initiating a new case, Emerson moved to vacate the 2014 judgment in the same cause number in which the judgment was rendered.  The motion was filed in 2019, well after the trial court's plenary power had expired.  *See* TEX. R. CIV. P. 329b.  Simply put, Emerson's "motion failed to qualify as either a timely direct attack or as a collateral attack."  *Thompson*, 569 S.W.3d at 175.  As a result, the trial court "lacked authority to entertain the motion to set aside the . . . [2014] judgment" or appoint a receiver over assets of the Association when it had previously

5

entered judgment in the Association's favor. *Id.*; *see In re Merino*, 542 S.W.3d 745, 748 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding).

We therefore find that Emerson has failed to show entitlement to mandamus relief from the denial of his motions to vacate the final judgment and appoint a receiver over a successful defendant.

## IV.    The Severance Was Proper

Emerson also seeks mandamus relief over the trial court's decision to sever claims against Champion and Mead. The issue of severance is reviewable on mandamus. *See In re State*, 355 S.W.3d 611, 615 (Tex. 2011) (orig. proceeding).

Rule 41 of the Texas Rules of Civil Procedure provides for the severance of parties and claims. TEX. R. CIV. P. 41. "Severance divides a lawsuit into two or more separate and independent causes of action." *In re Liu*, 290 S.W.3d 515, 519–20 (Tex. App.—Texarkana 2009, orig. proceeding). The decision to grant a request for severance "rests within the sound discretion of the trial court."[4] *Id.* at 520 (citing *In re Foremost Ins. Co.*, 966 S.W.2d 770, 771 (Tex. App.— Corpus Christi 1998, orig. proceeding)); *see Banks v. River Oaks Steak House*, No. 2-03-363-CV, 2004 WL 1858216, at *3 (Tex. App.—Fort Worth Aug. 19, 2004, no pet.) (mem. op.) ("A trial

---

[4]As stated in *Liu*,

> A trial court properly exercises its discretion in severing claims when: (1) the controversy involves more than one cause of action; (2) the severed claim is one that could be asserted independently in a separate lawsuit; and (3) the severed actions are not so interwoven with the other claims that they involve the same facts and issues."

*Liu*, 290 S.W.3d at 520 (quoting *Foremost Ins. Co.*, 966 S.W.2d at 771).

6

court has broad discretion to sever multiple parties.") (citing TEX. R. CIV. P. 41; *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) (orig. proceeding)). "The controlling reasons for a severance are to do justice, avoid prejudice, and further convenience." *Liu*, 290 S.W.3d at 520 (quoting *Foremost Ins. Co.*, 966 S.W.2d at 771).

"The issue of whether a trial court should or should not grant a severance motion is ultimately a question of law." *Id.* "If the trial court's decision to grant or deny a party's severance motion [falls] within the wide zone of reasonable agreement, the appellate court reviewing that decision within the context of a mandamus proceeding should not conclude the lower court abused its discretion." *Id.*

Emerson argues that the severance was improper because his claims against Champion and Mead should be "tried with the main action." As explained above, the "main action" has been fully litigated and is over. With few exceptions not applicable here, there can only be one final judgment in a case. TEX. R. CIV. P. 301; *see De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). By granting the severance motion, the trial court graciously corrected Emerson's improper filing in cause number 2012-626 so that his claims against previously nonsuited and new parties could proceed. For this reason, we find that Emerson has failed to show entitlement to mandamus relief from the severance order.

## V. Conclusion

We deny Emmerson's petition for writ of mandamus.

Scott E. Stevens
Justice

Date Submitted:     August 8, 2019
Date Decided:       August 9, 2019